IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-04-04 |
| v. | * | Civil No. – JFM-13-3112 |
| | * | |
| CHARLES LASTER | * | |
| | ****** | |

**MEMORANDUM**

Charles Laster has filed a motion for post-conviction relief based upon the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The cognizability of the motion depends upon whether *Alleyne* is to be retroactively applied since the motion is well beyond the one-year limitation for the filing of motions under 28 U.S.C. §2255.

The Fourth Circuit has not directly ruled upon the issue of whether *Alleyne* should be retroactively applied. The Fourth Circuit has, however, held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) should not be retroactively applied. *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). Because *Alleyne* simply is an extension of *Apprendi*, the necessary implication of *Sanders* is that *Alleyne* should not be retroactively applied. My conclusion is in accordance with the decision of the Seventh Circuit in *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) and numerous district courts that have considered whether *Alleyne* should be retroactively applied. *See, e.g., Lawson v. United States*, 2013 WL 6528967 (D. Md. 2013); *Kizziah v. United States*, 2014 WL 51282 (N.D. Ala. 2014).

This would be a particularly inappropriate case in which to apply *Alleyne* retroactively. Laster pled guilty to a sentence of 20 years imprisonment pursuant to Fed. R. Civ. P. 11(c)(1)(C),

and he obtained significant benefit from the plea agreement in light of the fact that the discharge of the firearm in question resulted in the death of an innocent victim.

A separate order denying Laster's motion is being entered herewith.

Date: April 17, 2014

　　　　/s/
J. Frederick Motz
United States District Judge